IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIRK HARRISON HOLLINS, | Case No. 6:20-cv-00750-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KIMBERLY HENDRICKS, Superintendent of Santiam Correctional Institution, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Kirk Hollins ("Hollins"), a self-represented litigant formerly in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Eighth and Fourteenth Amendment rights. This matter comes before the Court on defendant Kimberly Hendricks' ("Hendricks") motion to stay this litigation.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Court grants Hendricks' motion to stay.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Hollins was formerly an adult in custody ("AIC") of ODOC housed at Santiam Correctional Institution, but he was recently released from custody. (Compl. at 1, ECF No. 2; Not. of Change of Address, ECF No. 18.) On May 7, 2020, Hollins filed this action against Hendricks, alleging that ODOC's failure adequately to respond to COVID-19 violates his Eighth and Fourteenth Amendment rights. (Compl. at 3.) Specifically, Hollins alleges that the lack of social distancing and testing for COVID-19 places him in imminent danger of serious injury in violation of his constitutional rights. (*Id.* at 6.)

One month earlier, on April 6, 2020, seven AICs housed at four ODOC institutions (the "*Maney* Plaintiffs") filed a Section 1983 civil rights action against Governor Kate Brown and several ODOC officials (together, "*Maney* Defendants"). (Def.'s Mot. to Stay at 1, ECF No. 15; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* TAC, ECF No. 160.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Injunctive Relief Class"; (2) the "Damages Class"; and (3) the "Vaccine Class." (*Maney* TAC ¶¶ 20-21.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.)

On January 26, 2021, Hendricks filed a motion to stay this case pending resolution of the motion for class certification in *Maney*. On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.) The *Maney* Plaintiffs' motion for class certification of the remaining two classes is currently due on March 1, 2021. (ECF No. 110.)

## DISCUSSION

### I. APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *DePuy*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### II. ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Section 1983 claims alleging that ODOC officials acted with deliberate indifference to AICs' health and safety by failing adequately to protect them from COVID-19. (*Maney* TAC ¶ 156; Compl. at 3-4.) A stay will conserve judicial resources by avoiding duplicative litigation.

Second, a stay in this case will not result in significant delay, as the motion for class certification in *Maney* is currently due on March 1, 2021. (ECF No. 110.) In contrast, Hendricks has filed a motion to dismiss the complaint in this case (ECF No. 9), and therefore the case is not yet at issue. In addition, Hendricks is no longer housed in ODOC custody, and therefore his claims for injunctive relief are moot and a stay will not result in any undue prejudice.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice the non-moving party. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County, and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Hendricks' motion to stay (ECF No. 15), and STAYS this action pending resolution of class certification in the *Maney* case. In light of the stay, the Court DENIES Hendricks' motion to dismiss (ECF No. 9) and Hollins' motion for appointment of counsel (ECF No. 14), with leave to renew both motions without further briefing when the Court lifts the stay.

**IT IS SO ORDERED.**

DATED this 12th day of February, 2021.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge